UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

V.                                                                              CIVIL ACTION NO. 2:13CV291 DPJ-FKB

ONE 2010 RIVER BIRCH MOBILE
HOME MODEL NO. 3202-1, SERIAL NUMBER
RB09HL15211AB AND ALL PARTS,
ATTACHMENTS AND ACCESSIONS THERETO                                        DEFENDANT

ORDER

This forfeiture action is before the Court on motion of the United States to strike the answer [11] of Emily Joe Moore and Lashicka D. Moore pursuant to Rule G(8)(c)(i)(A) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Having considered the motion and the applicable authorities, the Court finds the motion should be granted.

I.   Facts and Procedural History

On May 1, 2013, the United States filed a Verified Complaint for Forfeiture in Rem against One 2010 River Birch Mobile Home, alleging that the mobile home constitutes proceeds traceable to a drug transaction. Specifically, Lornell Von Moore pleaded guilty to conspiracy to possess and distribute 100 kilograms or more of marijuana. Agent Jerry Porter Aff., Compl. [1] at 7 (referencing Criminal Cause No. 3:10cr82TSL-LRA). Moore laundered more than $1,000,000 in illegal drug proceeds by purchasing various items of personal property, including tractor trucks and trailers, vehicles, and the mobile home that is the subject of this forfeiture action. *Id.*

The mobile home is titled in the names of Emily Joe Moore, who is Lornell Von Moore's mother, and Lashicka D. Moore, who is Lornell Von Moore's daughter. As explained in the Complaint, Lornell Von Moore contributed $40,000 in cash toward the purchase of the $75,000 mobile home and guaranteed the bank loan issued to Emily Joe and Lashicka for the balance. *Id.* at 8. Accordingly, the mobile home is properly subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and 881(h) and 18 U.S.C. § 981(a)(1)(A).

As reflected in the docket, a Notice of Action and Arrest of Property [2] was issued and executed on the property, and notice of the forfeiture action was published [9]. In addition, the United States served copies of the Verified Complaint and Notice of Action and Arrest of Property on Emily Joe Moore and Lashicka D. Moore on May 3, 2013 [10]. The Notice advised both individuals that to assert a claim to the property, they must file: (1) a duly verified claim no later than thirty-five (35) days after notice was sent and (2) an answer to the complaint no later than twenty (20) days *after* the filing of the claim. *See* Notice of Action and Arrest of Property [2] at 1–2. In addition, both individuals were advised that the claim and answer should be filed in accordance with Supplemental Rule G(5) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Action. Proof of Service [10]; *see also* Notice [2] at 2 ("Further, you are advised that in preparing and submitting the claim and answer, Supplemental Rule G(5) must be strictly followed and that a failure to timely file your claim or answer and to strictly follow the provisions of Supplemental Rule G(5) could cause your claim and/or answer to be stricken and a default judgment or summary judgment entered against your interest in Defendant Property.").

Emily and Lashicka Moore did not file a claim. But on May 31, 2013, Sanford Knott, acting as counsel for Emily and Lashicka Moore, filed an Answer to the forfeiture complaint. In that answer, they deny that the property was obtained with illegal proceeds, assert they are beneficiaries to a non-forfeiture agreement between the United States and Lornell Moore, and insist they are good-faith purchasers of the subject property. Answer [4]. The United States has now moved to strike their answer pursuant to Supplemental Rule G(8)(c)(i)(A) based on their failure to file a claim.

II.     Analysis

Supplemental Rule G(8)(c)(i)(A) of the Federal Rules of Civil Procedure provides that the government may move to strike a claim or answer, at any time before trial, for failure to comply with Rule G(5) or (6)—the provisions which govern responsive pleadings, such as claims and answers, and special interrogatories. These rules provide that a claimant can contest a forfeiture by filing a claim, signed under penalty of perjury, which identifies the property and the interest, within a certain time period following notice of the complaint. Supplemental Rule G(5)(a)(i). As for the answer, it must be served and filed within twenty-one (21) days *after* filing the claim. Supplemental Rule G(5)(b).

Here, Emily and Lashicka Moore did not file a claim, and the time to do so has passed. Though they did file an answer, courts have consistently held that the filing of an answer does not excuse a claimant's failure to file a claim. *See United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) ("When a claimant files only an answer without a verified statement, the district court may strike the answer.") (citing *United States v. Beechcraft Queen Airplane, Serial No. LD-24*, 789 F.2d 627, 630 (8th Cir. 1986) (holding that the district court did

not abuse its discretion by striking the claimant's answer because he did not precede it with a verified claim)); *United States v. One Parcel of Real Prop. Located at Route 2, Box 293, Lena, Miss.*, 46 F. Supp. 2d 572, 582 (S.D. Miss. 1998) (striking answer of claimant that was not preceded by a verified claim and noting that "[t]he courts have taken a severe stance against a claimant who has not properly and timely perfected a verified claim in a forfeiture proceeding") (collecting cases).

In response to the motion, Emily and Lashicka Moore sent a letter to the United States Attorney's Office. Letter [14]. They submit that they relied on their attorney, Sanford Knott, and assumed that he submitted the proper paperwork.[1] *Id.* If true, the result is unfortunate, but the fact that these claimants engaged and relied on an attorney does not excuse their failure to file a claim as required by the rules. *See United States v. Thirty One Thousand Eight Hundred Fifty Two Dollars & Thirty Eight Cents ($31,852.38) in U.S. Currency*, 183 F. App'x 237, 241 (3d Cir. 2006) (affirming the district court's decision to grant a motion to strike an answer where the claimant was represented by counsel and filed an answer, but failed to file a claim); *United States v. $50,200 in U.S. Currency*, 76 F. Supp. 2d 1247, 1256 (D. Wyo. 1999) (striking answer and denying motion for enlargement of time to file claim where "the sole explanation for the failure to file a timely claim is that counsel failed to fully inform herself of the requirements of the Supplemental Rules and elected to pursue a different avenue by filing an unverified answer to the complaint, contrary to the express language in the Notice of Forfeiture and Arrest of Property

---

[1] On September 9, 2014, Magistrate Judge F. Keith Ball allowed Sanford Knott to withdraw as counsel and gave Emily and Lashicka Moore fourteen (14) days to secure new counsel. No new counsel has made an appearance. The Court presumes they are now proceeding *pro se*, though they were represented by counsel at the time the claim should have been filed.

outlining the procedural prerequisites for filing claims"); *United States v. Contents of Account No. 901121707*, 36 F. Supp. 2d 614, 617 (S.D.N.Y. 1999) (denying motion to file late claim where the claimant blamed his attorney for the failure to file a timely claim) (collecting cases); *United States v. Prop. Identified as $88,260.00 in U.S. Currency*, 925 F. Supp. 838, 843 (D.D.C. 1996) (granting a motion to strike answer where the claimant's attorney misconstrued the rules).

III.  Conclusion

Based on the foregoing, the United States' motion to strike the answer [11] of Emily Joe Moore and Lashicka D. Moore is granted.

**SO ORDERED AND ADJUDGED** this the 14th day of October, 2014.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE